UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 12-41-JBC

JANIE BROCKMAN, PLAINTIFF,

V.     MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Brockman's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 13, and deny Brockman's motion, R. 10, because substantial evidence supports the administrative decision.

At the date of her application for SSI, Brockman was 40 years old, had an eighth-grade education, and had work experience as a flower arranger. AR 89, 103, 276. She alleged disability beginning January 1, 2001, due to nerves. AR 97. She filed her applications on October 17, 2005, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that Brockman was not disabled. AR 16-24, 35-37, 57-64. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that Brockman had not engaged in substantial gainful activity since January

1

1, 2001, the alleged onset date; that she had severe impairments consisting of borderline intellectual functioning, an affective disorder, and an anxiety disorder; that her impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that she retained the residual functional capacity ("RFC") to perform work at all exertional levels, and would be able to understand, remember, and carry out simple, repetitive, one-two-three-step work activities with oral instructions or a limited period of demonstration, which were conducted in a low-stress, object-focused work environment where contact with coworkers and supervisors was casual and infrequent, in a non-public work setting, and was able to adapt to routine, gradual changes in work activities; and that based on her RFC and the testimony of a Vocational Expert ("VE"), a significant number of unskilled jobs existed in the economy which she could perform.  AR 16-23.  The ALJ thus denied her claim for disability on October 28, 2010.  AR 24.  The Appeals Council declined to review, AR 7-11, and this action followed.

Brockman's issues on review are:  (1) the ALJ gave insufficient weight to the opinions of her treating physician and treating mental health professional; (2) the ALJ did not consider the combined effect of her impairments; and (3) the ALJ's credibility finding was inadequate.[1]

---

[1] There is an additional issue in that Brockman's Date Last Insured for purposes of her DIB application was December 31, 2005, AR 16, meaning that she was required to show disability before that date in order to be eligible for benefits.  Her SSI application is not affected.

The ALJ did not err in weighing the opinions from the physicians and mental health professionals.  Brockman asserts that Dr. David Hays was a treating source and that a residual functional capacity assessment made by him was not given sufficient weight, but it appears that she saw Dr. Hays only one time.  AR 205.  Additionally, his conclusion that she was capable of low-stress jobs is consistent with the ALJ's RFC.  AR 20, 201.  Carol J. Stutts, Licensed Professional Counseling Associate ("LPCA") with the Cumberland River Comprehensive Care Center, submitted an assessment severely limiting Brockman's ability to perform most work-related activities.  AR 206-09.  As the ALJ noted, an LPCA is not an acceptable medical source under the Commissioner's regulations, but is considered an "other source" whose opinion may be considered to show the severity of an impairment.  20 C.F.R. § 416.913(d).  The ALJ did consider the counselor's opinion but concluded that it was inconsistent with the office notes from Comprehensive Care, many of which were written by Stutts.  AR 22.  Brockman initiated treatment in December 2009 for nerves and anxiety, and improved so much on medication and counseling that she discontinued treatment by mutual agreement in April 2010.  AR 219-40.  She resumed treatment in July 2010, citing a need to get back on her medication, her sister's recent death, financial difficulties due to her husband's losing his job, and a need to have a form filled out for disability.  AR 212-16.  Within a month, she reported great improvement in her condition, although she was asking for a larger dose of medication.  AR 211.  The medication was prescribed by a nurse practitioner.  AR 211, 214.  There is no

evidence that she was ever seen by an "acceptable medical source" such as a physician or licensed psychologist. The ALJ's RFC is supported by an examining psychologist, I. T. Baldwin, and the opinion of a reviewing state agency psychologist, Jay Athy. AR 154-58, 162-64. Since there is no controlling treating source opinion, their reports provide substantial evidence to support the ALJ's RFC finding.

Although not broken out as a separate issue in her brief, Brockman makes the additional argument that the ALJ disregarded the opinion of a one-time psychological examiner, Dr. Geraldo C. Lima. Although Dr. Lima's conclusions were put in equivocal language, he did indicate at least the possibility of restrictions in concentration and task completion that may not have been reflected in the ALJ's RFC finding. AR 139. However, as a one-time examiner, he was not entitled to the deference due to a treating source. *Atterberry v. Sec'y of Health and Human Servs.,* 871 F.2d 567, 572 (6th Cir. 1989). His opinion was not entitled to any more weight than that of the other one-time mental status examiner, I. T. Baldwin. In addition, a state agency reviewing psychologist, Jane Brake, opined that Dr. Lima's results were inconsistent and invalid. AR 152.

Brockman does not support her argument that the ALJ failed to consider the effect of her impairments in combination with any specific example. The ALJ discussed her impairments individually and found that their combined effects did not meet or equal a Listing. AR 19. This is an adequate articulation of an ALJ's thought processes in determining the combined effect of a claimant's impairments.

*Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1308-9 (6th Cir. 1990). Accordingly, the ALJ did not err in this regard.

Contrary to Brockman's claim, the ALJ specifically discussed parts of her testimony which he concluded were not credible.  She claimed to be too nervous to perform daily activities, but she was able to perform activities such as doing a share of the housework and flower gardening, as well as shopping and doing laundry with her husband.  AR 19.  Her statements that she was too nervous to interact with others were inconsistent with her statements that she had been able to work with other people as a flower arranger for five years, was able to interact with medical personnel, and could sometimes go out on Saturday nights with her husband and daughter.  AR 20-21.  Therefore, this argument has no merit.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Brockman's motion for summary judgment, R. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **GRANTED**.

The court will enter a separate judgment.

Signed on July 26, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6